UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JOSEFINA PEREZ,

        Plaintiff,

vs.

WAL-MART STORES EAST, LP,

        Defendant.

_____

**DEFENDANT'S NOTICE OF REMOVAL**

    Defendant, Wal-Mart Stores East, LP ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c), Federal Rules of Civil Procedure, files this Notice of Removal removing to this Court the action filed in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 2021-025560 CA 07, with full reservation of rights, exceptions and defenses, and in support thereof states:

**I.      Factual Background**

    1.    On or about November 19, 2021, Plaintiff commenced this action by filing a Complaint for Damages and Demand for Jury Trial ("Complaint") against Walmart in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida. *See* Complaint attached hereto as **Exhibit "A."**

    2.    The Complaint was served on Walmart on or about December 15, 2021. *See* Return of Service attached hereto as **Exhibit "B."**

3. In her Complaint, Plaintiff purports to allege a claim sounding in negligence against Walmart as a result of injuries she allegedly sustained on or about March 16, 2020, while in the Walmart store located at 3200 NW 79th Street, Miami, Miami-Dade County, Florida.

4. The Complaint alleges that Plaintiff was on the premises of the Walmart store when she slipped and fell as a result of "a smashed grape … and/or a similar substance" on the floor of the premises. *See* Complaint, at ¶¶7, 9a, 9d, and 9f.

5. Plaintiff alleges that Walmart breached its duty to Plaintiff by negligently maintaining its premises, by, among other things, purportedly "failing to maintain the floor of the premises in a reasonably safe condition"; "failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident"; "[f]ailing to place barricades, wet floor signs, or other marking devices"; "failing to remove said smashed grape or other similar substance from the floor of the premises"; "failing to correct the hazardous condition of the premises"; and/or being "otherwise negligent in the care, maintenance, and upkeep of the premises." *See* Complaint, at ¶9. Plaintiff further alleges that as "a direct and proximate result of the aforementioned negligence" she has suffered, among other things, "physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries" and that she "will suffer loses in the future." *See* Complaint, at ¶12.

6. Plaintiff alleges that at all times material she was a resident of Miami-Dade County, Florida. *See* Complaint, at ¶2.

7. Defendant, Wal-Mart Stores East, LP, is a foreign limited partnership and maintains its principal place of business in Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached hereto as **Exhibit "C."**

8. In her Complaint, Plaintiff asserts that her damages exceed $30,000.00. *See* Complaint, at ¶1. However, in her Civil Cover Sheet filed in the state court, Plaintiff asserts that the Amount of Claim exceeds $100,000.00. *See* Civil Cover Sheet attached hereto as **Exhibit "D."**

9. Notably, based on her pre-suit demand, as of May 2021, Plaintiff claimed medical bills of $316,825.58 as a result of the alleged incident, far in excess of the $75,000 jurisdictional threshold of this Court. Plaintiff has also alleged "further incurred hospital bills" and that she "will suffer loses in the future." *See* Complaint, at ¶12

10. The threshold requirements for this Court's jurisdiction have thus been met and the matter is removable based on diversity of citizenship of the parties. The matter is removable based on diversity of citizenship because Plaintiff and Walmart are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

11. All other state court documents are attached as **Composite Exhibit "E."**

12. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. Removal is Timely

13. In accordance with 28 U.S.C. § 1446(b)(1), Walmart is filing its Notice of Removal on January 14, 2022, within thirty (30) days of the date that it received or was served a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty-day period under Section 1446(b)(1) commenced on December 15, 2021, when Plaintiff served her Complaint on Walmart.

14. Venue is proper in this Court because the state court where Plaintiff filed her Complaint, the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, is located within this Court's jurisdiction.

## III. There is Complete Diversity Between the Parties

15. In accordance with 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between— (1) citizens of different States…." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

### a. Citizenship of Walmart

16. For purposes of 28 U.S.C. §§ 1332 and 1441, a limited partnership is deemed to be a citizen of the State(s) of all of its members. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). Defendant Wal-Mart Stores East, LP is a limited partnership organized under the laws of Delaware, with its principal place of business in Arkansas. WSE Management, LLC, is the general partner and WSE Investment, LLC, is the limited partner of Wal-Mart Stores East, LP. Both WSE Management, LLC, and WSE Investment, LLC, are Delaware limited-liability companies with their principal places of business each located in Arkansas. Wal-Mart Stores East, LLC, is the sole member of both WSE Management, LLC, and WSE Investment, LLC. Wal-Mart Stores East, LLC, is an Arkansas limited-liability company, with its principal place of business in Arkansas. Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a Delaware corporation, with its principal place of business in Arkansas. Walmart Inc. is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. No publicly traded entity owns more than 10% of Walmart Inc.

### b. Citizenship of Plaintiff

17. Plaintiff was at all times material a resident of Miami-Dade County, Florida. *See* Complaint, at ¶2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009). Complete diversity thus exists as between the parties, Plaintiff and Walmart.

## IV. The Amount in Controversy Requirement Has Been Met

18. Plaintiff's Complaint does not specify the amount of her damages; rather, she alleges that her damages exceed $30,000.00 (the threshold amount in controversy for Circuit Court under Florida law). It is clear, however, from the nature of the damages alleged in her Complaint, her Cover Sheet filed in the state court, and medical bills, that the Plaintiff's claimed damages exceed the $75,000.00 jurisdictional minimum for this Court. *See Katz*, 2009 WL 1532129 at *5 (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on the medical bills cited in plaintiff's pre-suit demand); *see also Mick v. De Vilbiss Air Power Co.*, 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (relying on pre-suit demand letter seeking $175,000.00 in damages as competent evidence of amount in controversy and denying Plaintiff's motion to remand).

19. Where a complaint seeks indeterminate damages, "removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 754 (11th Cir. 2010).[1] If satisfaction of the amount in controversy is "not facially apparent from the

---

[1] Although *Pretka* involved removal under the Class Action Fairness Act of 2005, the court interpreted and applied the general removal procedures of § 1446. *See id*. at 756 & n.11.

complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. at 754.

20. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the Plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4, citing *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1213-1214 (11th Cir. 2007). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id*., citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

21. In *Stramiello v. Petsmart, Inc.*, 810-CV-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010), the district court determined that the defendant successfully met its burden of proving that the amount in controversy was in excess of $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92. Much like Plaintiff in the instant matter, the plaintiff in *Stramiello* alleged that his injuries were permanent and that he suffered "bodily injury, including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life." *Id.* at *1. The court found that, at the time of removal, defendant had received documentation from the plaintiff showing total medical bills in the amount of

$108,351.92, and thus defendant had met its burden to establish the required amount in controversy for federal subject matter jurisdiction. *See id*. at *4.

22.  Likewise, in *Wilson v. Target Corp.*, 10-80451-CIV-MARRA, 2010 WL 3632794, at *4 (S.D. Fla. Sept. 14, 2010), plaintiff's detailed pre-suit demand letter revealed she had sustained over $100,000.00 in past medical expenses and would suffer an additional one million dollars in future medical expenses due to an alleged accident. The court found that the detailed pre-suit letter delineated the extent of plaintiff's injuries, the physicians who treated her, and the medical care she received from each of those physicians. Because of this detail, the court found that "the pre-suit demand can be considered reliable evidence that Wilson's damages will exceed $75,000." *Id*. at 4.

23.  Here, Plaintiff's pre-suit demand establishes that her claimed medical expenses were $316,825.58 as of May 2021. This amount exceeds the $75,000.00 jurisdictional threshold of this Court, even without considering any alleged future medical expenses subsequently incurred by Plaintiff. Where the jurisdictional amount in controversy has been met with medical bills, further discussion of any future injuries or damages is not necessary. *Stramiello,* 2010 WL 2136550 at n.2.

24.  In addition, Plaintiff's Complaint alleges damages for, among other things, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or the aggravation of a previously existing condition, that her losses are either permanent or continuing, and that Plaintiff will suffer these losses in the future.  *See* Complaint, at ¶12.

25.  As a result, the amount in controversy in this matter exceeds the jurisdictional minimum, and removal is thus proper.

## V. Conclusion

26. Walmart has timely filed this Notice of Removal and meets the jurisdictional requirements for removal. Removal of Plaintiff's underlying state court action is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice of the same to Plaintiff, through her attorney of record, and the Clerk of the Circuit Court.

WHEREFORE, Defendant, Wal-Mart Stores East, LP respectfully requests this Notice of Removal be accepted as adequate under federal law, and that Plaintiff's state court action, Case No. 2021-025560 CA 07, on the docket of the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, be removed from that court to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction over the case, issuing all necessary orders along with any other relief that the Court deems just and proper.

Respectfully submitted,

By: /s/ Rebecca W. de la Zerda
Darin A. DiBello
Florida Bar No. 957615
Rebecca W. de la Zerda
Florida Bar No. 1031620
FASI & DIBELLO, P.A.
150 S.E. 2nd Avenue, Suite 1010
Miami, Florida 33131
Telephone: (305) 537-0469
Facsimile: (305) 503-7405
dibello@fasidibellolaw.com
delazerda@fasidibellolaw.com
pleadings@fasidibellolaw.com
perry@fasidibellolaw.com
*Attorneys for Defendant,*
*Wal-Mart Stores East, LP*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-Mail on this 14th day of January, 2022, to Francisco Vianello, Esq. (fvianello@rubensteinlaw.com; gtejeda@rubensteinlaw.com; eservice@rubensteinlaw.com) Rubenstein Law, P.A., 9130 S. Dadeland Boulevard, Penthouse Suite, Miami, FL 33156.

By: *s/ Rebecca W. de la Zerda*
Rebecca W. de la Zerda

JS 44 (Rev. 06/17) FLSD Revised 06/01/2017

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Josefina Perez

### DEFENDANTS
Wal-Mart Stores, East, LP

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Francisco Vianello, Esq., Rubenstein Law, PA, 9130 S. Dadeland Blvd. Penthouse Suite, Miami FL 33156, Tel: (305) 661-6000

Attorneys *(If Known)*
Darin A. DiBello, Rebecca W. de la Zerda, Fasi & DiBello, PA 150 SE 2nd Ave., Ste 1010, Miami, FL 33131 Tel: (305) 537-0469

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence

Other:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO
JUDGE:    DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Removal pursuant to 28 U.S.C. Sections 1332, 1441 and 1446 and FRCP 81(c)
LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 30,000.00   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE: January 14, 2022
SIGNATURE OF ATTORNEY OF RECORD: /s/ Rebecca W. de la Zerda

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    IFP    JUDGE    MAG JUDGE